# DEPENDABLE INSURANCE COMPANY v. RILEY, et al.

## Case No. 82-361 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 1, 1984

### APPEARANCES OF COUNSEL

**Albert W. Guffanti** for appellant.

No Appearance for appellees.

Before SHAPIRO, TENDRICH AND BARAD, JJ.

### OPINION OF THE COURT

SIDNEY B. SHAPIRO, Judge.

We are asked to review an Order of the County Court refusing to reopen a case once dismissed by agreement of the parties. For the reasons set forth herein, we affirm the lower Court's ruling.

Appellant, plaintiff below, is an insurance company which took an

assignment from the Central Bank of North Dade of the Bank's interest in and to an installment sales contract between the bank and appellees. After an alleged default by appellees, appellant brought an action as the bank's assignee to recover the sum less the $2,000 which appellees allegedly owed the Company. An agreement was reached between the parties and the matter was dismissed. Appellees allegedly did not live up to the agreement and the company sought leave to reopen the case.

Appellees maintain appellant is barred from bringing the instant suit by Section 516.31(3) Fla. Stats. That statute provides in part, as follows:

"If a creditor takes possession of property which was collateral under a consumer credit transaction, the consumer shall not be personally liable to the creditor for any unpaid balance of the obligation unless the unpaid balance of the consumer's obligation at the time of default was $2,000 or more. . ."

Appellant argues that since Section 516.01(2) Fla. Stats. specifically excludes banks from the provisions of Chapter 516, the action is not barred since appellant took the assignment from a bank and now stands in the bank's shoes. Appellant relies on Section 68.06 Fla. Stats., which provides, in part, as follows:

". . . The assignment or endorsement of any instrument vests the assignee or endorsee with the same rights, powers and capacities as were possessed by the assignor or endorser. . ."

At first blush it would appear the two statutes—Section 516.31(3) and Section 68.06—are at loggerheads with each other as applied to the case sub judice. We do not believe such to be the case.

Chapter 68 of the Florida Statutes contains a potpourri of provisions on different subjects. At best, Section 68.06 must be considered a general statute applicable in all cases unless excluded by law or, by provisions of other Chapters. Chapter 516 on the other hand deals specifically with consumer finance. Section 516.31(3) expressly prohibits certain actions. Section 516.01(2), with specificity, excludes certain enumerated businesses from the operation of Chapter 516. It makes no mention of excluding assignees of subrogees of the entities set out in that Statute. Since the Legislature was quite specific in naming those businesses excluded from the operation of Section 516.31(3) and did not see fit to include assignees, it is our opinion that the Legislature specifically intended not to include same. Accordingly, only those entities specifically named come outside the ambit of Section 516.31(3). Parties cannot circumvent the expressed intent of the Legislature by

**65**

agreement in the same way parties cannot confer jurisdiction on a Court when it specifically has none. The assignment by the bank could not confer the assignee company (not a bank) with a right the Legislature saw fit not to bestow on the company.

The lower Court's decision was correct. The Order is affirmed.

It is so Ordered.