# BARNETT RECOVERY CORPORATION, etc. v AMBURGEY, etc.

## Case No. S88-001927

County Court, Manatee County

November 18, 1988

### APPEARANCES OF COUNSEL

**John Casey,** for plaintiff.

**John E. Dubrule,** Gulf Coast Legal Services, Inc. and **Kerry J. Anderson,** Certified Legal Intern, for defendant.

### OPINION OF THE COURT

GEORGE K. BROWN, JR., County Judge.

### *ORDER DENYING PLAINTIFF'S COMPLAINT FOR DAMAGES*

THIS MATTER having come on for hearing before this Court on November 7, 1988, upon Plaintiff's Complaint for Damages, John

Casey, Attorney, appearing for the Plaintiff, and Kerry J. Anderson, Certified Legal Intern and John E. Dubrule, Attorney, appearing for the Defendant, the Court having heard argument of counsel for both parties, having reviewed the pleadings and attachments thereto, and being otherwise fully advised in the premises, for the reasons stated below, the Plaintiff's Complaint for Damages is denied.

Defendant, DOROTHY A. AMBURGEY, a/k/a DOROTHY Mc-CLELLAN, entered into an installment loan contract with Barnett Bank of Naples on August 31, 1984. As collateral for the loan, Defendant assigned a security interest in her 1977 Cadillac Deville (sil - Seville) automobile to Barnett Bank of Naples. Subsequently Defendant defaulted on the contract whereupon the bank repossessed and sold the collateral and assigned its interest to Plaintiff, BARNETT RECOVERY CORPORATION, f/k/a STATE WIDE COLLECTION CORPORATION, a corporation set up for the collection of debts from Barnett Bank. Plaintiff brought suit in County Court to recover the balance of $1,627.69 owed on the note plus interest and attorney's fees occurring after the assignment.

Defendant asserts 416.31(3), Florida Statutes, as an affirmative defense. 516.31(3) provides in part:

"If a creditor takes possession of property which was collateral under a consumer credit transaction, the consumer shall not be personally liable to the creditor for any unpaid balance of the obligation unless the unpaid balance of the consumer's obligation at the time of default was $2,000.00 or more. . ."

Defendant further maintains that FS § 516.01(2), does not exclude Plaintiff from FS § 516.31(3). FS § 516.01, is the definition section of Chapter 516, Florida Statutes, and is applicable to FS § 516.31(3). FS § 516.01(2) states:

"BUSINESSES EXCLUDED.—this chapter shall not apply to any person doing business under, and as permitted by law, any law of this state or of the United States relating to banks, savings banks, trust companies, building and loan associations, credit unions or industrial loan and investment companies or to any bona fide pawn broking business transacted under a pawn brokers license. No pawn broker may be licensed to transact business under this chapter."

Defendant cites *Dependable Insurance Company v Riley, et al.,* 6 Fla. Supp. 2d 64 (11th Jud. Cir., Dade County, Circuit Court App. Div 1984) in arguing that the exclusionary provisions of FS § 516.01(2), should not apply. Since the Statute says nothing about

assigness, Defendant maintains that the Statute should not be construed to apply to Plaintiff as the assignee of Barnett Bank.

Plaintiff asserts that FS § 516.01(2), excludes Plaintiff from FS § 516.31(3). Plaintiff maintains that FS § 516.31(3), was not meant to apply to banks. Since Plaintiff is owned by the same holding company that owns Barnett Bank of Naples, Plaintiff asserts that FS § 516.31(3), does not apply to it either. Therefore, this Court must decide whether FS § 516.01(2), excludes Plaintiff from the provisions of FS § 516.31(3).

Recognizing that *Riley* is not binding on this Court it is nevertheless a logical interpretation of the Statute. Even though Plaintiff is owned by the same holding company as its assignor, Barnett Bank, however, it is still a separate corporation in of itself. Only those entities specifically mentioned in FS § 516.01(2), as excluded from FS § 516.31(3), should be so excluded. The legislature was specific in naming the businesses excluded and did not see fit to mention assignees. While Barnett Bank is excluded from FS § 516.31(3), by FS § 516.01(2), its assignee, BARNETT RECOVERY CORPORATION, is not. This Court adopts the reasoning of the *Riley* thereby finding for the Defendant and denying Plaintiff's Complaint for Damages.

DONE AND ORDERED in Chambers, Manatee County, Bradenton, Florida, this 18th day of November, 1988.